UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        CR. NO. 16-20552 & 17-20235
        HON. TERRENCE G. BERG

SEBASTIAN GREGERSON,

        Defendant.
_____/

**DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING
IMPOSITION OF SUPERVISED RELEASE SENTENCES**

NOW COMES the Defendant, SEBASTIAN GREGERSON, through his counsel, DAVID C. THOLEN, of the Federal Community Defender Office, and files this supplemental brief at the direction of the Court regarding the reimposition of supervised release sentences after revocation of the original term.

**I.**

**BACKGROUND**

Defendant was charged by Indictment (Cr. No. 16-20552) with Unregistered Possession of a Destructive Device, 18 U.S.C. 3571(d) and 5861(d). He was also charged by Indictment (Cr. No. 17-20235) with Aiding and Abetting a False Statement During the Purchase of a Firearm, 18 US.C. 922(a)(6).

On August 30, 2017, Defendant was sentenced on both cases. On Cr. No. 16-20552, he was sentenced to 45 months imprisonment, to be followed by 3 years of supervised release. On Cr. No. 17-20235, he was sentenced to 9 months imprisonment,

1

followed by 3 years of supervised release.   The Court ordered both sentences to run concurrent to each other.

On October 10, 2019, Defendant commenced serving his 3 year term of supervised release.   On June 14, 2021, the Probation Department conducted a court ordered search of Defendant's residence.   That subsequent to the search, the Probation Department filed a petition, under both case numbers, alleging various violations of the conditions of supervised release.

On June 1, 2022, the Court conducted a revocation hearing on the violations.   At the hearing, Defendant admitted violations #1, #2 and #4.   Based on information presented during the hearing, the Court determined that Defendant had also violated charge #3.   At the conclusion of the hearing, the Court indicated that it intended (1) to revoke supervised release, (2) impose an above policy Guidelines sentence of 18 months imprisonment, and (3) re-impose an additional term of supervised release.   The Court requested supplemental briefs regarding any limitations on re-imposition of supervised release.

## II.

## ARGUMENT

Defendant submits that the Court must run any re-imposed terms of supervised release concurrent to each other.   Defendant further submits that the length of any new supervised release term is limited by the term of supervised release authorized for the original offenses, less any term of imprisonment that was imposed upon revocation of supervised release.

## A.
## 18 U.S.C. 3624(e) Requires Concurrent Terms

The statute governing supervision after release is 18 U.S.C. 3624(e). Section 3624(e) states, " The term of supervised release commences on the day the person is released from imprisonment <u>and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release.</u>" 18 U.S.C. 3624(e) (emphasis added). Federal courts considering this issue have noted that any term of supervise release imposed by a sentencing court is to run concurrently with any other term of supervised release imposed. *United States v. Skelton*, 68 Fed.Appx. 605, 607 (6th Cir. 2003). While the Sentencing Guidelines permit the imposition of consecutive sentences of imprisonment, they do not permit consecutive terms of supervised release. *See* U.S.S.G. § 5G1.2 (commentary) ("Note, however, that even in the case of a consecutive term of imprisonment imposed under subsection (a), any term of supervised release imposed is to run concurrently with any other term of supervised release imposed.") (citing 18 U.S.C. § 3624(e)) *United States v. Salcido*, 29 Fed.Appx. 216, 221 (6th Cir. 2002). Therefore, in the instant case, the Court must impose concurrent, rather than, consecutive terms of supervised release following revocation of the original terms.

B.

**18 U.S.C. Limits the Length of Additional Supervised Release to 18 Months**

Congress in 1994 ordained that upon revoking a term of supervised release, the district court could impose a prison term followed by more supervised release. *United States v. Eskridge*, 445 F.3d 930, 933 (7th Cir. 2006), citing 18 U.S.C. 3583(h). Section 3583(h) states, "When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. See 18 U.S.C. 3583(h). Clearly the statute limits the duration in two respects. First, by the maximum length of supervised release authorized by statute for the original offense. Second, the Court must subtract any term of imprisonment imposed upon revocation from the maximum term of supervised release.

Under the facts of the instant case, the Court is limited to re-imposing a term or terms of no more than 18 months. As indicated in the Presentence Report, the maximum term of supervised release authorized in #16-20552 was not more than three (3) years. The maximum term of supervised release in #17-20235 was also three (3) years. See Presentence Report, page 19, paragraphs 88 and 89. Three years (i.e. 36 months) less the 18 months stated revocation term of imprisonment, leaves a balance of 18 months maximum of supervised release.

## III.

## CONCLUSION

WHEREFORE, for all of the forgoing reasons, Defendant respectfully requests this Honorable Court to impose an additional term, or concurrent terms, of supervised release of no more than 18 months.

Respectfully submitted,

**FEDERALCOMMUNITYDEFENDER**
/s/DavidC.Tholen
DAVID C. THOLEN
613 Abbott, 5th Floor
Detroit, Michigan    48226
(313) 967-5542
E-Mail: david-tholen@fd.org

Date: June 8, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

            Plaintiff,

v.                                    CR. NO. 16-20552 & 17-20235

                                        HON. TERRENCE G. BERG

SEBASTIAN GREGERSON,

            Defendant.
_____/

## CERTIFICATE OF SERVICE

      I certify that on June 8, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

                      Saima Mohsin
                      Assistant U.S. Attorney
                      211 W. Fort, Suite 2001
                      Detroit, Michigan    48226

                                              /s/DavidC.Tholen
                                              Federal Community Defender